COURTNEY ET AL. v. BOSWELL ET AL., PLAINTIFFS IN ERROR.

1. **Warranty of Quality:** PAYMENT OF, PURCHASE MONEY AFTER DIS-COVERY OF DEFECTS, EFFECT OF, AS BAR TO ACTION ON WARRANTY. Payment of part of the purchase money after discovery of defects in a machine sold with warranty, is no bar to an action on the warranty, where, before the payment, the purchaser offered to return the machine, but was induced to retain it for further trial by the promise of the seller either to remedy the defect or, failing in that, to rebate a part of the price, and the payment was made while the seller was endeavoring to provide the remedy.

2. **Warranty:** MEASURE OF DAMAGES. In an action for breach of warranty that a machine is fit for use, the measure of damages is the difference between the price paid and its real worth, with interest at six per cent

*R. O. Boggess* for plaintiffs in error.

I.   Plaintiffs paid the money after the notes were due without compulsion, and upon full knowledge of the alleged breach of waranty, when the consideration for their promise had wholly failed. This was a voluntary payment. Can a party recover back money paid under such circumstances? *Volenti non fit injuria. Claflin v. McDonough*, 33 Mo. 412; *State v. Powell*, 44 Mo. 436; *Christie's Adm'r v. St. Louis*, 20 Mo. 143; *Walker v. St. Louis*, 15 Mo. 563; *Draper v. Owsley*, 15 Mo. 613; *Trow v. Vt. Cent. R. R. Co.*, 24 Vt. 487; 1 U. S. Digest 286, Sec. 439; *Brisbane v. Dacres*, 5 Taunt. 143.

II.   After discovering that the machine was worthless, plaintiffs agreed to keep it in consideration that defendants agreed to and did furnish new parts and a man to operate it.   Afterwards they accepted a rebate of $25 out

of the price to compensate them for defects, and in consideration thereof agreed to and did pay the balance as full adjustment of the whole controversy. By so doing they surrendered whatever right they may originally have had to recover on the alleged breach of .warranty. *Munford v. Wilson*, 15 Mo. 540; *Cutler v. Smith*, 43 Vt. 577; *Dodge v. Minn., &c. Roofing Co.*, 14 Minn. 49; *Onderdonk v. Gray*, 19 N. J. Eq. 65; *Allen v. Hooper*, 1 Freeman's Chy. 276; *Dougherty v. Stamps*, 43 Mo. 243; *Bedford v. Moore*, 54 Mo. 448.

III. When the rebate of $25 was allowed, and balance due for the machine was paid, a new agreement was then and thereby made and executed. This was a good accord and satisfaction, so that plaintiffs could not thereafter recover on the alleged breach of warranty. *Munford v. Wilson*, 15 Mo. 540; *Goff v. Mulholland*, 28 Mo. 397; *Jenkins v. Hopkins*, 9 Pick. 542; *Coffin v. Jones*, 11 Pick. 45; *Tuttle v. Tuttle*, 12 Met. 551. The court should have so instructed the jury. *Merchants' Bk. v. State Bk.*, 10 Wall. 637; *Callahan v. Warne*, 40 Mo. 131; *Boland v. Mo. R. R. Co.*, 36 Mo. 491.

*Robert Adams, Jr.*, for defendant in error.

The petition sets forth a cause of action for a breach of warranty. *Carter v. Black*, 46 Mo. 384; *Kenny v. James*, 50 Mo. 316; and the instructions given placed the issues plainly before the jury.

NORTON, J.—This is an action to recover damages for an alleged breach of warranty, instituted in the court of common pleas for Cass county. The petition alleges that, in 1869, plaintiffs purchased of defendants one Hubbard Continental Reaping and Mowing Machine, at and for the price of $200; that, at the time of the purchase, defendants represented that said machine was fit and proper for the purpose of reaping grain and hay, and was a good machine in all its parts, and that plaintiffs, relying on said repre-

sentations, purchased and paid for the same; that the said machine was wholly worthless, and that they had sustained damages in the sum of $200 from the 1st of June, 1870. Defendants, in their answer, deny that they made such representations as are charged in the petition, or that said machine was worthless and of no value, and set up, as a further defense, that all matters of difference and alleged damages growing out of the sale of said machine had been fully settled and adjusted between plaintiffs and defendants. This latter defense was denied by replication.

On the trial plaintiffs were introduced as witnesses, and their evidence tended to prove that the machine was purchased by them about May or June, 1869, at the price of two hundred dollars, for which they gave two notes, one due in three and the other in five months; that at the time of the sale defendants warranted the machine to be perfect in all its parts, capable of doing good work as a reaper; that said machine was imperfect in the gear shifter, and would not do good work as a reaper or mower, and that it was worthless, and that they had paid the price at which it was bought; that they discovered defects in the machine in a day or two after they bought it, and complained to defendants, who furnished another gear shifter, and said with it the machine would not still work; that they brought it back to defendants, who refused to take it back, but induced plaintiffs to take it back and try it again, promising that they would make it work; that defendants furnished another gear shifter and sent men down to operate the machine, but it would not work; that defendants then represented that the manufacturer had gotten up new and better gear shifters and they would furnish one of them, and requested plaintiffs to try that and keep the machine till it was furnished; that they never furnished such new and better gear shifter; that the first note was paid, and also the second, except $25, after plaintiffs knew of the defectiveness of the machine; that the remain-

1. WARRANTY OF QUALITY: payment of purchase money after the discovery of defects; effect of as bar to action on warranty.

Courtney v. Boswell.

ing $25 was never to be paid unless the improved gear shifter was furnished, and if furnished it was to be paid; that said improved shifter never was furnished, and defendants failing to make said machine work it was abandoned. Two other witnesses were introduced whose evidence tended to show that the machine was worthless. Defendants offered no evidence, but demurred to that offered by plaintiffs, and asked judgment, which was by the court overruled, and to which they excepted at the time.

At the instance of plaintiffs the court instructed the jury, in substance, that if they believed, from the evidence, that plaintiffs purchased of defendants the machine in question, for the price of two hundred dollars, and at the time of the purchase warranted the same to be perfect, and fit and proper for the purpose of reaping and mowing grain and hay, and that said machine was in fact at the time of the warranty not a good machine, and was unfit for the purpose of reaping and mowing grain and hay, they would find for plaintiffs, unless they further believed from the evidence that the plaintiffs accounted and settled together concerning the damages plaintiffs suffered by reason of the breach of warranty, and received twenty-five dollars, or rebated said sum upon the note of plaintiffs in lieu of such damages; that the measure of damages is the difference between the price paid for the machine and its real worth, with interest at six per cent.

*2. WARRANTY: measure of damages.*

The following instructions were asked by defendants: 1. Even if the jury believe all the evidence adduced by the plaintiffs, still they are instructed that, as a matter of law on the facts proved by plaintiffs, they are not entitled to recover, and the jury should find for the defendants; 2. If the jury believe, from the evidence, that after the plaintiffs discovered the alleged defects in said machine, they tendered and offered to deliver the same to defendants, and defendants refused to accept the same, and the said plaintiffs thereafter paid to defendants or their

·agents the purchase price of said machine, except twenty-five dollars, the plaintiffs cannot recover, and the jury should find for defendants; 3. If the jury believe, from the evidence, that at the time of the sale and delivery of the machine mentioned in the petition, by defendants to plaintiffs, the plaintiffs executed and delivered to defendants their promissory notes for the purchase price of the machine, one due at three and the other at five months, and that plaintiffs used said machine and discovered the defects therein, as alleged in the petition, before the maturity of said notes, or either of them, that said plaintiffs paid said first note mentioned in full, and that after the maturity of the other note the defendants, in consideration of the alleged defects in said machine and the imperfections thereof, rebated twenty-five dollars or any other sum part of the purchase price of said machine as compensation for such defects, and plaintiffs accepted the same as compensation for such defects, and paid the balance due on said note, then the jury shoul find for defendants. Instruction No. 3 was given, and those numbered one and two were refused. The jury returned a verdict for plaintiffs, and assessed the damages at $247, upon which judgment was entered, and defendants, after an ineffectual motion for a new trial, bring the case here by writ of error.

The only question in the case is whether the matters in issue were properly referred to the jury in the first instruction given for plaintiffs and the third instruction given for defendants. The contract of warranty relied upon by plaintiffs and the breach, having been denied by the answer, put those matters in issue, and the defense set up in the answer that, in consideration of the alleged defects in the machine, defendants agreed to and did rebate the sum of twenty-five dollars from the price of the machine, which was accepted by plaintiffs as an adjustment and settlement of all matters of difference and damage growing out of the sale of the machine, having been de-

nied by replication, put that defense in issue. We think these questions were fairly put to the jury in the instructions that were given. They were told in the first instruction that if the machine was warranted, and there was a breach of the warranty, plaintiffs were entitled to recover, as damages, the difference between the price paid and the real value of the machine, unless they believed that the damages growing out of the alleged breach of warranty had been adjusted and settled between plaintiffs and defendants, in which event they were directed in the third instruction for defendants to return a verdict for defendants. We do not think that the case at bar comes within the principle of the cases to which we have been cited, relating to suits instituted to recover back money voluntarily paid. Where money is paid without fraud or duress, with full knowledge of all the facts in the case, it cannot be recovered back. No such case as this was attempted to be made in the pleadings in the case at bar, nor do we think that such a case was developed in the evidence. It is true that the evidence shows that the defects in the machine were discovered a few days after its purchase and before the payments were made; but it also shows that it was taken and tendered to defendants, who requested plaintiffs to try it further, and give them an opportunity to make good their warranty by furnishing other gearing. During the time thus requested to be given by defendants to enable them to make the machine such as they had represented it to be, the notes given for the price, except $25, were paid. It was doubtless the desire of plaintiffs to retain and pay for such a machine as they believed they were buying, and it seems to have been the purpose of defendants to make the reaper and mower all they had represented it; and to hold that plaintiffs could not maintain an action for a breach of warranty after the failure of defendants to comply with it, and recover what had been paid, while efforts were being made by defendants, and at their request, to make the machine answer the purpose for

which it was bought, would be to extend the doctrine that voluntary payments of money could not be recovered back beyond its true scope. From the whole record, we think the judgment was for the right party, and it will, therefore, be affirmed.

AFFIRMED.