JOHN KERR ET AL., Appellants, v. FRED M. HAYMAKER, Respondent.

Kansas City Court of Appeals, January 25, 1886.

PRACTICE — INSTRUCTIONS — EVIDENCE — CONTRACT—FAILURE OF CONSIDERATION AS DEFENCE TO ACTION.—It has been held in this state, since our earliest decisions, that a failure of consideration may be shown, as that the property sold was of no value, for the purpose of defeating an action for the price. And it is so held where there has been no notice to the vendor, and no return, or offer to return, the property.

APPEAL from Linn Circuit Court, HON. G. D. BURGESS, Judge.

*Affirmed.*

The case is stated in the opinion.

E. R. STEPHENS, for the appellants.

I. There was no implied warranty of the spool thread on the part of plaintiffs. Hilliard on Sales (2 Ed.) 244-257 ; *Ryan v. Ulmer*, Sup. Ct. Pa. July, 1885.

II. Hassett was plaintiffs' special agent, and the instructions asked by plaintiffs should have been given. *Ayres v. Milroy*, 53 Mo. 516 ; *Chouteau v. Filley*, 50 Mo. 174 ; *Wright v. Baldwin*, 51 Mo. 269.

III. After the court refused to give the instructions asked by plaintiffs and defendant, it erred in giving instruction numbered one, of its own motion. See cases cited paragraph I, *supra*.

A. W. MULLINS, for the respondent.

I. The law is well settled that where the manufacturer sells an article for a fair price, the law implies a warranty that it is reasonably fit for the use for which it is manufactured or purchased, and, therefore, of a merchantable quality. *Boothby v. Scales*, 27 Wis. 626; 1 Parsons on Cont. (5 Ed.) 586, note *a*; 2 Story on Cont. (4 Ed.) sect. 836, note 5; *Howard v. Hoey*, 23 Wend. (N. Y.) 350.

II. If the thread was °worthless for the purpose for which it was purchased, this was a valid defence, as showing an entire failure of consideration. *Compton v. Parsons*, 76 Mo. 455; *Murphy v. Gay*, 37 Mo. 535; *Barr v. Baker*, 9 Mo. 840; *Muller v. Eno*, 14 N. Y. 597.

III. The instruction given by the court, and the verdict of the jury were correct. (1) Because the thread was warranted fit for use, and that it was merchantable; (2) because, as the thread proved to be worthless, there was a total failure of consideration.

ELLISON, J.—This action is for the price of a lot of spool cotton thread, sold by plaintiffs to defendant, by written order signed by defendant.

The order contains no warranty of the quality of the thread nor any permission to return it if not found suitable to defendant's customers.

Plaintiffs' testimony showed the sale to defendant and that the agent making the sale had no authority to warrant or agree to take the goods back. The evidence on part of defendant, and which was not disputed, was that the thread was not merchantable or salable and *was of no value*.

The court refused the instructions offered by either side and of its own motion gave the following:

"If the jury believe from the evidence that defendant purchased from plaintiffs' agent the thread here sued for, and that he was not paid for the same, or any part thereof, then the jury will find for plaintiffs the contract price for said thread; unless they further believe from the evidence that said thread was worthless and of no value for the purpose for which it was sold, in which event they will find for defendant."

The verdict was for defendant and plaintiffs appeal.

Plaintiffs objected to defendant's testimony as to the quality of the goods, on the ground that there was no express warranty and none was implied by law. The evidence was properly admitted, as it showed a total failure of the consideration for defendant's promise. It was doubtless upon this theory that it was admitted by the circuit court. It has been held in this state since our earliest decisions, that a failure of consideration may be shown, as that the property sold was of no value, for the purpose of defeating an action for the price. And it is so held where there has been no notice to the vendor, and no return, or offer to return, the property. Napton, J., in *Furguson v. Huston*, 6 Mo. 425; *Barr v. Baker*, 9 Mo. 850; *Murphy v. Gay*, 37 Mo. 535; *Compton v. Parsons*, 76 Mo. 455. This disposes of the objections to the instructions refused. The one given by the court effectually covered the case.

The judgment is affirmed. The other judges concur.