J.  E.  HAYNER & COMPANY, Appellants, v. T.  H. CHURCHILL *et al.*, Respondents.

Kansas City Court of Appeals, March 19, 1888.

1. PRACTICE—INSTRUCTIONS—HOW THEY SHOULD BE FRAMED AS TO ISSUES—CASE ADJUDGED.—He who asks an instruction on the whole case, must not frame it so as to exclude from the consideration of the jury the points raised by the evidence of his adversary. When the instructions taken together present the issues tendered by either side it will suffice; but in this case only one instruction was given, purporting to cover the case, but leaving out part of the issues.

2. PRINCIPAL AND AGENT—WARRANTY—AUTHORITY OF AGENT TO GIVE IT.—The general rule is, as to all contracts, including sales, that the agent is authorized to do whatever is usual, to carry out the object of his agency, and it is a question for the jury to determine what is usual. If in the sale of the goods confided to him it is usual in the market to give a warranty, the agent may give that warranty in order to effect the sale; and no private restrictions upon the agent's authority unknown to the purchaser can affect such purchaser.

3. ———— ——— FAILURE OF CONSIDERATION—MEASURE OF DAMAGES. Where the article bought is of no value for any purpose, this is a valid defence as showing an entire failure of consideration, without a return or offer to return the property. But if there is no rescission by a return, or offer to return, the property, the vendee will only be allowed damages in diminution of the price. The measure of such damage is the difference between the value of the chattel if it had fulfilled the purpose for which it was sold, i. e., the contract price and the actual value,

4. ———— ——— PAYMENT UNDER PROMISE OF FULFILLING WARRANTY—CASE ADJUDGED.—Although the vendees, in this case, may have paid money on the machine after discovering its defects, yet if they made such payments and were induced to retain it by promises on the part of the vendor that he will make it fulfill the warranty, it will not affect the defence of the vendee, if such promise has not been complied with.

APPEAL from Nodaway Circuit Court, HON. CYRUS A. ANTHONY, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

J. H. SAYLER, R. H. WILFLEY, and W. W. RAMSEY, for the appellants.

I. Instruction number one, on behalf of the defendants, ought not to have been given, because: (1) It submitted to the jury issues not made by the pleadings. The sole and only issue raised by the pleadings was, whether the machine, for which the note in suit was given, " was worthless and of no value for the purposes for which it was bought and intended." The second paragraph or count in defendants' answer, thrown in, "by way of counter-claim, and setoff and recoupment" was abandoned or lost sight of in the trial. Under this issue the plaintiffs' agent was not charged with having made representations, statements, pledges, or promises, it was not a case of express warranty, fraud, or deceit. We submit that it was improper for the court to tell the jury "that if the plaintiffs' agent made this statement, that representation, or that pledge, or this promise, the

plaintiffs would be bound by them," etc.    Issues cannot
be changed by instructions.  *Currier v. Lowe*, 32 Mo.
203 ; *Moffat v. Conklin*, 35 Mo. 453 ; *Bank v. Armstrong*,
62 Mo. 59 ; *Bank v. Murdock*, 62 Mo. 70 ; *Wade v.
Hardy*, 75 Mo. 394 ; *Nugent v. Curren*, 77 Mo. 323 ;
*Glass v. Gelvin*, 80 Mo. 297 ; *Kennedy v. Klein*, 19 Mo.
App. 15.  "Instructions must be framed with regard to
the issues made in the pleadings." *Henry v. Rice*, 18 Mo.
App. 497.  (2) This instruction either wholly ignored
the issue, whether "the machine was worthless and of
no value," or it assumed the fact that said machine was
defective ; it seems to rest the right of defence upon
statements of plaintiffs' agent.  *Peck v. Richey*, 66 Mo.
114 ; *Farrar v. David*, 33 Mo. 482 ; *Merritt v. Given*,
34 Mo. 98 ; *Sawyer v. Railroad*, 37 Mo. 240.  When
this court considers the fact, that this was the only
instruction given by the court which even attempted to
define the issue, we believe it will be seen at once that
the jury were misdirected.  Under it the jury could
only decide what Dodge did or did not say.  If defend-
ants desired to interpose such a defence, viz., a promise
by plaintiffs' agent to pledge himself and his company
to make the machine work well, then defendants ought
to have pleaded such contract, and set it up in their
answer, as was done in *Benton v. Klein*, 42 Mo. 97, and
all similar cases.

II.    There can arise no pretense that the plaintiffs'
company ratified any outside statement of Dodge.   It
is nowhere shown that plaintiffs ever heard of such
until this suit was instituted.  *Railroad v. Gazzam*, 32
Pa. St. 340 ; *Comb v. Scott*, 12 Allen (Mass.) 493 ; *Man-
ning v. Gasharie*, 27 Ind. 399 ; *Humphrey v. Havens*,
12 Minn. 298.   The mere acceptance of the note by plain-
tiff was no ratification nor bringing suit upon it.  *Cooley
v. Perrine*, 41 N. J. Law, 322.

III.    We believe the trial court committed error
in refusing to give instructions, numbered five, eight,
and nine.   Compare instructions five and nine, with
the theory of the contract of sale, as narrated and

told by Dodge. For the life of us, we can't see wherein the court saw objections to them. Dodge's simple story was: "I told them I would let them take the machine out and run it through the harvest; if it proved satisfactory, they could come in September 1, and pay for it. They gave notes about September 1, 1883. When they came in to settle they asked me, if there was any improved knotter on machine next season, if I would give it to them free. They made no complaint about anything else than the knotter. They paid me one-third." If a thousand witnesses had testified to a different state of facts, we must here urge that we were entitled to have instructions applicable to our theory of the case. *Clark v. Hammerle*, 27 Mo. 55; *Fitzgerald v. Hayward*, 50 Mo. 516; *Sigerson v. Pomeroy*, 13 Mo. 620; *Mead v. Brotherton*, 30 Mo. 201. "Instructions should be predicated on the whole evidence, and present, for the consideration of the jury, the different aspects of the question at issue, as shown by the pleadings and evidence." *Mansur v. Botts*, 80 Mo. 651; *Ellis v. Wagner*, 24 Mo. App. 467.

EDWARDS & ELLISON, for the respondents.

I. At the time the machine was sold, it was known by both the agent and respondents to be defective, but whether the defect was remediable or not was not known The agent supposed he knew, and told respondents that all it needed was an '84 knotter; in which he was mistaken, for an '84 knotter was afterwards put on to the machine, and it did no better. He induced respondents to purchase the machine and execute the notes, by the statement that it would do its work well and by the promise to put it in good repair. It nowhere appears that he had no authority to bind the company by such a promise; if it does, it is not pretended that respondents had any notice of it. The only notice claimed to have been given was in relation to the agent exceeding the authority in letting respondents use the company's

machine three or four months before agreeing to purchase it. In the absence of notice to respondents of want of authority in the agent, were the statements of the latter binding on the company, even though the notes were executed with knowledge of the fact that a defect of some nature existed? To the effect that the statements made by the agent are binding, though the defect was known to the purchaser at the time of the sale if the agent promised to remedy it, see, *Aultman & Taylor Co. v. Hefner*, 2 S. W. 861; 2 Benj. on Sales, sec. 938, note 10; *Courtney v. Boswell*, 65 Mo. 196; *McCormick v. Kelly*, 9 N. W. 675; *Aultman v. Olson*, 26 N. W. 451; *Branson v. Turner*, 77 Mo. 479; *Flatt v. Osborne & Co.*, 22 N. W. 440. To the effect that such statements bind the principal, if the purchaser has no notice of restrictions on the agent's power in that respect, see, *Osborne v. Carpenter*, 34 N. W. 163; *Keith v. Hirschberg & Co.*, 2 S. W. 777; *Talmage v. Bierhause*, 2 N. E. 716; *Murray v. Brooks*, 41 Ia. 45; 2 Whar. on Evid., sec. 1170; *Crews v. Garneau*, 14 Mo. App. 505; *Keough v. Leslie*, 92 Pa. St. 424; *Kinealy v. Burd*, 9 Mo. App. 359; *Nichols, Shepard & Co. v. Shaffer*, 30 N. W. 383; *Farrar v. Peterson*, 3 N. W. 457; *McGinnis v. Mitchell*, 21 Mo. App. 493; *State ex rel. v. Gates*, 67 Mo. 139.

II. We think the second paragraph of respondents' pleading, filed with the justice, is sufficient to cover the issues. *Voss v. McGuire*, 18 Mo. App. 477. If not they have certainly waived any right to complain. No motion or objection was offered at the trial in the circuit court, when by amendment, all imperfections in the pleading could have been remedied, the pleadings could have been amended, so as to conform to the proof, if attention had been called to a variance. Having failed to do so the objection is waived. *Stiller v. Railroad*, 6 N. W. Rep. 303.

III. It is admitted that the agent said the machine was a good one, made of good material, and would do its work well. He also agreed for the company to remedy

defects, whereby defendants were induced to purchase the machine and execute the notes. Whether there was in fact any defect was submitted to the jury. The instructions given by the court covered every issue in the case; and those refused either ignored material issues, or were partial repetitions of those given; or asserted as law that which was not law.

IV. Instructions eight and nine were properly refused, for the reason that they authorize the jury to find for the plaintiffs, even though they might believe the machine was warranted by the agent to do good work, and he promised to remedy defects, which he afterwards failed to do. The jury might have believed everything stated in each of these instructions, and also have believed everything which we claim the agent said about the machine, and yet, they are instructed to find for the plaintiffs, if they further believe that they paid for the machine and made no complaint. *Compton v. Parsons*, 76 Mo. 455; *Courtney v. Boswell*, 65 Mo. 196; *Osborne v. Marks*, 22 N. W. 1.

V. We submit that the instructions given by the court covered every issue in the case, completely. The jury were told that if they believed the defect (if any) in the machine could have been remedied by any given expenditure, they could only deduct such a sum from the amount sued for. If a knotter was all that was required, as the agent claimed, then the price of a knotter was all the jury were authorized to deduct.

ELLISON, J.—This action is based on a promissory note. It was begun before a justice of the peace, appealed to the circuit court, where defendants prevailed, and plaintiffs bring the case here. The note was given in part payment for a mowing and reaping machine sold by plaintiffs' agent with a warranty made by the agent, as defendants claim, that it would work well as a reaper and mower.

Plaintiffs' theory of the case was presented by the

evidence of their agent, who testified, in substance, that he sold the defendants that machine in July, 1883, with permission to try it during that harvest, and if it proved satisfactory they could come in, in September, and settle for it; that they did come in and settle by paying part cash and giving two notes for the balance, one of which is the subject of the present controversy; that no complaint was made of the machine except that the "knotter" was too weak; that they took the machine for trial as agreed, and after trying and testing it during that harvest, they were satisfied with it in every particular save that the "knotter" was too weak; that he then promised to get them, free of charge, an improved "knotter" next season if there should be one; that he got the "knotter" and put it on the machine.

The court refused all of plaintiffs' instructions, save a formal one as to the burden being on defendants to establish their defence; and gave one instruction for defendants which omitted any reference to plaintiffs' theory of the case. This was error for which the judgment must be reversed. In *Fitzgerald v. Hayward*, 50 Mo. 516, it is said that he who asks an instruction on the whole case, must not frame it so as to exclude from the consideration of the jury the points raised by the evidence of his adversary. It has been frequently said by our Supreme Court that when the instructions *taken together* present the issues tendered by either side, it will suffice; but here only one instruction was given; as purporting to cover the case, and yet left out of view plaintiffs' theory. *Lafayette Co. Bank v. Metcalf*, *ante*, p. 384.

As to the warranty by the agent and his authority to give it, "the general rule is, as to all contracts, including sales, that the agent is authorized to do whatever is usual to carry out the object of his agency, and it is a question for the jury to determine what is usual. If in the sale of the goods confided to him it is usual in the market to give a warranty, the agent may give that

warranty in order to effect a sale." Benjamin on Sales, sec. 624. No private restrictions upon the agent's authority, unknown to the purchaser, can affect such purchaser. If, therefore, in this case, it can be shown to the satisfaction of the jury that it was usual to give a warranty of such machines, · then it was within the agent's authority to do so ; unless it can be shown that such authority was in fact restricted by plaintiffs, and such restriction was known to defendants. The mere fact that the agent told defendants that his authority to allow them to try the machine was restricted to two days' trial, would not be sufficient to show that he had no authority to warrant it to be a capable machine for reaping and mowing.

If there was an express warranty by the agent, the extent of that warranty will govern and measure plaintiffs' liability to the exclusion of any implied warranty ; but if, as is claimed by the agent, he made no warranty, yet if the machine was worthless for the purpose for which it was purchased and is of no value for any purpose, this may be shown as total failure of the consideration. *Brown v. Weldon*, 27 Mo. App. 251 ; *Kerr v. Haymaker*, 20 Mo. App. 350, and cases cited. This question is fully discussed in *Brown v. Weldon*, where it is shown that, when the Supreme Court has used the expression in substance, that if the article was worthless for the purpose for which it was purchased, it would be a valid defence as showing an *entire* failure of consideration without a return or offer to return the property, it was speaking in relation to articles of no value for any other purpose. It is there said that if there is no rescission by a return or offer to return the property, the vendee will only be allowed damages in diminution of the price. The measure of such damage is the difference between the value of the chattel if it had fulfilled the purpose for which it was sold, *i. e.*, the contract price and its actual value. If, as it may be claimed in this case, the vendee has already paid as much or more than the actual value of the machine, plaintiffs must fail in their action.

Another theory of the case which presents itself, is disposed of by the case of *Courtney v. Boswell,* 65 Mo. 196, where it is held that, although the vendees may have paid money on the machine after discovering its defects, yet if they made such payments, and are induced to retain it by promises on the part of the vendor that he will make it fulfill the warranty, or the purpose for which it was purchased, it will not affect the defence of the vendee, if such promise is not complied with.

The judgment is reversed and the cause is remanded. All concur.