CLEM & CARWIN, Respondents, v. THE GERMAN INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 20, 1889.

1. **Insurance**: CONCURRENT POLICY ASSIGNED WITH SALE OF PART OF INSURED PROPERTY. Plaintiffs took out a policy from the defendant insurance company for four hundred dollars on their stock of flour, meal, oats, and such other merchandise as is usually kept in a country flour and feed store, with permission to take out eight hundred dollars concurrent insurance, which amount of concurrent insurance plaintiffs secured from F. company. Afterwards plaintiffs sold all their merchandise except the flour and assigned therewith to the purchaser the eight-hundred dollar policy. *Held*, that such sale of the merchandise and assignment of said policy withdrew the flour from under the cover of that policy, and at the time of a subsequent loss there was no concurrent insurance on plaintiffs' flour.

2. ———: LIABILITY OF CONCURRENT INSURER: JUDGMENT AGAINST DEFENDANT HARMLESS. As plaintiffs are admittedly entitled to recover the whole amount of the policy for their loss, defendant can not be harmed by the judgment therefor, since if there is concurrent insurance such insurer is liable with defendant for plaintiffs' loss and upon payment thereof by defendant it will have its action over against such concurrent insurer for its proportion, upon the principle that concurrent insurers are identical in interest.

*Appeal from the Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*G. W. Barnett,* for the appellant.

(1) There was eight hundred dollars other concurrent insurance in the Glen Falls Company and defendant is liable for no greater portion of the loss sustained, than four hundred dollars, the sum insured on it, bears to the whole amount of insurance on the property, and the court therefore erred in giving judgment for the full amount of the policy. See provisions of policy on this point. Also see decision of this court heretofore rendered in this case. *Clem v. Ins. Co.,* 29 Mo. App. 666; 2 Wood on Ins., secs. 476, 477, 478. (2) The ruling of this court in this case, when here before, recognizing the validity of that part of the policy which makes this insurance concurrent with the Glen Falls policy, is the law of this case and not subject to reärgument here. *Bevis v. Railroad,* 30 Mo. App. 564, and authorities there cited. We therefore insist that judgment should be reversed.

*E. J. Broaddus,* for the respondent.

(1) This court has already determined in this case that all the items mentioned in the policy in suit, other than flour, have been eliminated from the same, therefore there was nothing for the court below to do but to render judgment for amount of insurance, the loss having excelled that amount. *Clem & Carwin v. Ins. Co.,* 29 Mo. App. 674, 676. (2) At most, if the Glen Falls policy is to be considered in this case, it can not affect the result, for the rule of adjustment is as follows, to-wit: "When two or more policies are taken out upon the same interest, it is called double insurance. Policies usually contain a clause (as this does) that in case of other insurance, that is, double insurance, the several insurers shall be liable, each for such proportion of the loss as the several amounts bear to each other. This prevents the recovery of more than the

whole loss by the insured. And if there were no such provisions, since the insured is only entitled to an indemnity, he can recover no more than this, however much may be the amount. He may, however, resort to any one of the insurers to recover his whole loss, and in that case, the insurer paying the loss will have claims over against the other insurers, for their respective proportions, the several concurrent insurers being regarded as identical in interest." May on Ins. [2 Ed.] p. 13, sec. 13. (3) Whatever may be the rule of adjustment in general, there can be no doubt as to the rule here, for this court has laid down the rule and directed the court below what to do, which is as follows, to-wit: "It follows that the judgment is reversed, and the cause remanded with directions to the circuit court to enter the appropriate decree reforming the policy, by eliminating therefrom all the items of property insured except flour, to hear proofs as to the value of the flour destroyed, and to make the judgment accordingly." The question is *res adjudicata*. The court had no discretion. See this case, 29 Mo. App. 676.

SMITH, P. J.—This case was here on a former occasion (29 Mo. App. 676); when all the questions of law arising in it were determined. The judgment was reversed and the cause remanded to the circuit court of Livingston county, with directions to that court to hear proofs as to the value of the flour destroyed and to make the adjustment accordingly. In pursuance of this direction the circuit court did hear proofs as to the value of the flour, and thereupon rendered judgment against defendant for four hundred dollars, the amount of the policy sued on.

The defendant appeals from that judgment. The defendant contends here that the judgment of the court below is against the law and the evidence. We are not persuaded that this contention is well grounded. If

the Glen Falls policy of insurance, which was issued to the plaintiffs on their stock of merchandise, covered the flour on which the defendant issued its four-hundred dollar policy at any time, it did not do so at the time of the destruction of the property, for the reason that the plaintiffs had previously thereto sold and delivered said stock of merchandise to one Blackburn and had besides assigned said policy to him with the consent of the said Glen Falls Company; in consequence of which, said assigned policy in effect became a new policy, and, as such, did not any longer cover the plaintiff's flour, which had not been sold to Blackburn, and which was especially covered by the policy sued on. May on Ins., sec. 72; Wood on Ins., sec. 103.

At the time of the loss, the plaintiffs had no concurrent insurance on their flour. The concurrent insurance, if it was such, that they had effected in the Glen Falls Company had terminated as to their flour by reason of the sale of the merchandise and the assignment of the policy. This was a practical withdrawal of the flour from under the cover of that policy. Blackburn, the assignee of the Glen Falls policy, did not acquire any interest in the flour at the time of, or subsequent to, the assignment of the policy to him. He had no insurable, or other, interest therein at the time of the loss. The policy, we think, was inoperative as to the flour at the time of the loss. Wood on Ins., sec. 251.

The assignee then could not have recovered on this policy for the loss of the flour. Nor could the plaintiffs, the assignors, for the manifest reason that they were not parties to it, in any way after its assignment and after it had in effect become a new contract of insurance. Now can it be said that the plaintiffs at the time of the loss had concurrent insurance on their flour amounting to eight hundred dollars in the Glen Falls Company and it was the bounden duty of the circuit court in adjusting

the plaintiffs' loss to adopt as a measure of liability the rule "that defendant was liable for no greater portion of the loss sustained than four hundred dollars, the sum insured on it, bears to the whole amount of the insurance on the property?" We think not.

The defendant contends further, that this court held when here before that there existed concurrent insurance on the plaintiffs' flour. This is not our understanding. We then simply decided that the provisions permitting eight hundred dollars' insurance had not been wrongfully and fraudulently inserted in said policy issued by defendant to the plaintiffs.

There were no instructions given or refused by the court, and we can not tell upon what particular theory the circuit court proceeded in determining the issue of fact.

If, however, it proceeded upon the theory which we have just been considering and that theory should be deemed unsound, which we do not think is the case, still inasmuch as the plaintiffs are admittedly entitled to recover the whole amount of said policy of four hundred dollars for their loss, the defendant is not harmed by the judgment of the court therefor, since if its contention is well founded that there is concurrent insurance and that such insurer is liable with it for the amount of the plaintiffs' loss, it will have on payment of such loss a claim over against the alleged other insurer for its proportion upon the principle that concurrent insurers are identical in interest. May on Ins., sec. 13.

The judgment of the circuit court is, we think, for the right party, and will be affirmed. All concur.