## DOYLE, Respondent, v. PARISH, Appellant.

**St. Louis Court of Appeals, February 21, 1905.**

1. **SALES: Warranty of Quality: Inspection by Purchaser.** As a general rule there can be no recovery on a warranty in the sale of chattels for a perfectly obvious defect which the purchaser had an opportunity to observe, nor for a defect known to the purchaser.

2. ———: ———: ———. But if the purchaser had no opportunity to inspect before purchase, and relied on the warranty, he is protected by the warranty, even though the defect could have been discovered by inspection.

3. ———: ———: ———. Where mules were sold with a warranty as to their age and soundness, in an action by the purchaser for breach of the warranty, evidence that the plaintiff, before the purchase, inspected the mules, would warrant the inference that he noticed the defect, and in that event he could not recover.

4. ———: ———: **Evidence: Harmless Error.** And in such an action, the handbills advertising the sale were improperly admitted in evidence, but the error was harmless where the only representation of the handbills was as to the age of the mules and the defendant admitted that he represented them to be of the age mentioned in the handbills.

5. ———: ———: ———. And where it was shown that the plaintiff gave a note for the purchase price of the mules and on discovery of the defect, notified some bank not to purchase the note, that action would not prevent a recovery on the warranty.

6. ———: ———: **Measure of Damages.** In an action on a breach of warranty in the sale of mules, the measure of damages is the difference between what the mules would have been worth, as represented, at the time and place of sale, and what they actually were worth.

Appeal from Knox Circuit Court.—*Hon. Edwin R. McKee,* Judge.

REVERSED AND REMANDED.

*L. F. Cottey* for appellant.

*W. N. Doyle* for respondent.

GOODE, J.—This is an action on a warranty in a sale of personal property. The case originated before a justice of the peace and the complaint filed in the justice's court states that the defendant advertised for a sale of personal property and among other things, two head of two-year-old mules; that plaintiff had further represented repeatedly that said mules were two years old the spring prior to the time of the sale in September, 1903; that they were sound and free from all defects and blemishes; that just prior to the taking of bids the defendant warranted said mules to be of that age and without blemish; that relying on the aforesaid representations of the defendant as to the age and soundness of the mules, plaintiff bought them for $231; that afterwards she discovered they were three years old the previous spring, and were not sound, but were unsound and blemished; that one of them had a water-seed and the other a water-seed and a wire cut on the left ankle, and that by reason of said facts plaintiff was damaged in the sum of $100, for which she prayed judgment.

The evidence showed that W. N. Doyle, the husband of the plaintiff, bought the mules for her at public auction at the price stated. His testimony is that he had previously spoken to Parish on several occasions about buying the mules and Parish had represented them as perfectly sound and two years old in the spring of 1903. Handbills advertising the sale stated that the mules were two years old, and there was testimony that the auctioneer when he invited bids on them, represented them to be of that age and sound. There was contradictory evidence and under the instructions of the court a verdict was returned for the plaintiff in the sum of $30. The defendant contends

that the court erred in instructing the jury and in the admission of certain testimony, but concedes evidence tending to prove a warranty was introduced.

1.   This case was instructed with extreme carelessness. The instruction copied below was requested by the defendant without the italicized clause, refused as requested and given after the court had inserted said clause:

"The court instructs the jury that if they shall find from the evidence in the cause that the defects complained of by the plaintiff in said mules, the waterseeds and the wire scratch, were such as might have been discovered by the exercise of ordinary attention on the part of the plaintiff's agent, and that plaintiff had an opportunity to inspect said mules before buying them, then the defendant *then the plaintiff in law, did not rely thereon and* is not liable to the plaintiff in damages for such defects."

It will be observed at once that the clause inserted by the court made the instruction wholly meaningless and deprived the defendant of any benefit from it. The instruction as asked was not strictly accurate, for it referred to plaintiff's opportunity to inspect the mules before buying them; whereas it should have referred to the opportunity of her agent.   The testimony of the plaintiff herself, who is the wife of W. N. Doyle, and, indeed, all the testimony, is that W. N. Doyle represented the plaintiff in the purchase of the mules; that she relied on him and took no part personally in the transaction except to authorize him to act for her.   The mistake of treating plaintiff as the active party in the purchase occurred in several other instructions.   But in the instruction quoted, that mistake was a minor matter.   It was alleged by the plaintiff and shown by her testimony that the defendant not only warranted the age of the mules, but that they were sound and free from blemishes; whereas, in fact, they were three years old, instead of two as represented, and unsound

in that there were water-seeds on them. The testimony further went to show that these defects diminished the value of the animals and that neither the plaintiff nor her agent W. N. Doyle, had an opportunity to inspect the mules at any time before the sale and never had inspected them. The defendant testified that previous to the sale, W. N. Doyle had thoroughly examined the mules at the defendant's farm. There was also testimony that the water-seeds and wire scratches were patent and visible and could have been detected by inspection. In most instances there can be no recovery on a warranty in the sale of a chattel, for a perfectly obvious defect apparent on a simple inspection and which the purchaser had an opportunity to observe, unless the warranty expressly covered obvious defects. Neither, generally speaking, can an action be maintained for a defect known to the purchaser. [2 Benjamin, Sales, sec. 821, and cases cited; Tiedeman, Sales, sec. 195; Branson v. Turner, 77 Mo. 821.] If a buyer had no opportunity to inspect the article before he purchased and relied on the warranty and not on his own judgment, the warranty protects him even though the fault could have been discovered by inspection. In the present case W. N. Doyle swore he had no opportunity to inspect the mules before buying; whereas, Parish swore he did inspect them. The inference is fair that if Doyle examined the mules, as Parish said he did, he must have noticed the water-seeds and wire scratches and have purchased with knowledge of those faults; in which event there could be no recovery of damages because of the faults. The defendant is entitled to an instruction expressing that rule; but the one given by the court is unintelligible. In view of the testimony of Parish that Doyle actually made an inspection, there is no occasion for instructing on the theory that if he had an opportunity to inspect and failed to do so, the plaintiff cannot recover.

2.   Handbills had been put up advertising the sale

of the mules and other property by Parish, and describing the mules as two years old. One of these handbills was admitted in evidence, the defendant says, erroneously. It was not strictly competent. [Ransberger v. Ing., 55 Mo. App. 621, 625.] Still, we would not reverse the case for the admission of that document, because the only representation it contained about the mules was as to their age, and Parish himself admitted representing them to be two years old in the belief that they were.

3. The plaintiff gave a promissory note, for part of the purchase price of the mules and on discovering they were not as warranted, notified some banks not to purchase the note. In view of her action in that regard, the defendant insists she cannot maintain an action for breach of the warranty. We fail to see what warning the banks not to purchase the note has to do with her right of action against the defendant on the warranty. The plaintiff is liable on her note if it is still unpaid.

4. The defendant introduced evidence to show the mules, even if three years old at the time of the sale and with the faults alleged, were worth what the plaintiff paid for them, and it is insisted that if they were she is not damaged by the breach of warranty and cannot recover. This contention is erroneous. The measure of damages is the difference between what the mules would have been worth, as represented, at the time and place of sale and what they actually were worth in the condition they were in. [Brown v. Emerson, 66 Mo. App. 63; 3 Joyce, Damages, sec. 1686 and citations.] We are cited to Countney et al. v. Boswell et al., 65 Mo. 196, as authority for the proposition that if plaintiff paid no more for the mules than they were worth, she can recover nothing, though the defendant's warranty regarding them was broken. We understand the decision differently. It was an action on a warranty of a reaping and mowing machine

which plaintiffs had bought from the defendants for $200. The allegation was that the machine was wholly worthless and judgment was prayed for the price. There was no contention that the machine would have been worth more than the price plaintiffs paid for it if it had been as warranted; hence, it was not incorrect to instruct that the measure of damages was the difference between the price paid and the true value.

The judgment is reversed and the cause remanded. All concur.